AUGUSTUS D. PORTER, Respondent, *v.* THE SEASIDE AND BROOKLYN BRIDGE ELEVATED RAILROAD COMPANY and Others, Appellants.

*Easements — taken by an elevated railroad — inconsistent findings as to damages — future damages not to be conjectural.*

Easements of light, air and access, taken or impaired by structures of an elevated railroad, are of no value to the property owner when separated from the land; the damages to him are merely consequential.

In an action brought to recover damages resulting from the taking of easements of light, air and access by the defendants, street railway corporations, and to recover past and fee damages therefor, it appeared that the premises in question extended from Sands street, in the city of Brooklyn, on the north to High

street on the south, and that the lot was built upon on both streets ; that the Brooklyn Elevated railroad has been operated through Sands street since 1887, and the Seaside and Brooklyn Bridge Elevated railroad was in process of construction in High street. It was also shown that there had been a great depreciation in the value of real estate in Brooklyn during the last few years ;. that Sands street had changed from a street for residences into a street for business purposes, and that the rental value of property used for business purposes had not decreased. A single witness testified that property had decreased in value one-half since 1886.

The trial court found that there had been no diminution in the rental or usable value of the property as a result of the construction, maintenance and operation of the Brooklyn Elevated railroad during the eight years it had been in operation, and awarded the plaintiff a nominal sum for past damages with $1,500 for fee damages.

*Held,* that the findings were inconsistent, and that in the absence of evidence tending to show that depreciation in the value of the.property was caused by the construction and maintenance of the elevated railroad there was no ground for awarding fee damages.

APPEAL by the defendants, The Seaside and Brooklyn Bridge Elevated Railroad Company and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 9th day of May, 1895, upon the decision of the court rendered after a trial at the Kings County Special Term, and also from the said decision.

The action was brought to restrain the erection and maintenance by the defendants of a street railway in front of plaintiff's premises and to recover past and fee damages therefor

*Henry L. Scheuerman,* for the appellants.

*Francis R. Whitney,* for the respondent.

BROWN, P. J.:

The plaintiff is and has been since 1854 the owner of a lot of land in the city of Brooklyn about thirty-four feet wide and two hundred and six feet deep, extending from Sands street on the north to High street on the south. On the Sands street side there is a two-story and attic frame dwelling house standing some distance back from the street line, and on the High street side there are two two-story buildings, one a frame building and the other built of brick, one used as a dwelling and the other in part as a barber shop.

The Brooklyn Elevated railroad is built and has been operated in Sands street since 1887. The Seaside and Brooklyn Bridge Elevated railroad is in process of construction in High street.

The court awarded for past damages the sum of six cents, and for damages to the fee the sum of $1,500. A similar award in the case of *Sutro* v. *The Manhattan Railway Company* (137 N. Y. 592) was characterized by the Court of Appeals as a "singular result," and I am unable to see how there is any basis for the conclusion that there will be injury to the property in the future as a result of the maintenance and operation of an elevated road, if there has been no injury from the maintenance and operation of a road for the past eight years.

The rule is now well settled that the easements of light, air and access taken or impaired by the elevated railroad structures are of no value to the property owners separated from the land, and that the damages to the land owner are consequential merely.

If the fact be as the learned trial judge has determined it, there has been no diminution in the rental or usable value of the property, as a result of the construction, maintenance or operation of the Brooklyn Elevated railroad during the eight years it has been in operation, that fact is strong evidence that the fee value of the property has not been diminished in the past, and there is no testimony in the case from which it can be inferred that there will be any material change in the future. The award of fee damages rests upon the testimony of a single witness who gave his opinion that the property had depreciated in value from $50,000 in 1886 to $25,000 at the time of the trial, and that the annual rental value had fallen from $1,200 to $600. This witness, however, and the witness called by defendants agreed that Sands street had, in the period since 1886, changed from a residential to a business street, and that the rental value of property in that street which had been changed and altered for business purposes had not fallen. The plaintiff's expert also testified on cross-examination that property on Sands street had held its own since 1886, and that plaintiff's property, for residence purposes, never was worth as much as $40,000. It is impossible to harmonize the different opinions expressed by the plaintiff's witness, and in view of the fact that it was undisputed that there had been great depreciation of real estate values in many

parts of the city within the past few years and that the court determined that the rental value of the plaintiff's property had not been depreciated by the operation and maintenance of the Brooklyn Elevated railroad, we are of the opinion that the evidence was wholly insufficient to sustain the award of fee damages. If the property had depreciated in value there were many causes to which that depreciation could be attributed. The court substantially found that it was not to be attributed to the elevated railroad, and there was no evidence that the future would produce a result different from that already existing.

The judgment must be reversed and a new trial granted, costs to abide the event.

PRATT and DYKMAN, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the event.